IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| WBCMT 2007-C33 BLANCO RETAIL, LLC, | § § § | |
| *Plaintiff*, | § § § | |
| v. | § § | Civil Action No. SA-13-CV-716-XR |
| FAHED SALFITI, | § § § | |
| *Defendant*. | § | |

**ORDER**

On this date, the Court considered Defendant's motion to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to join a necessary party (docket no. 5). For the following reasons the Court DENIES the motion.

**I. Background**

On August 8, 2013, Plaintiff WBCMT 2007-C33 Blanco Retail, LLC, filed its complaint against Defendant Fahed Salfiti, seeking to hold Defendant liable, as guarantor, on a defaulted commercial mortgage. Docket No. 1. Plaintiff alleges that in 2007 Almanara at Blanco Pointe Inc. ("Almanara") entered into a mortgage with Artesia Mortgage Capital Corporation ("Artesia"). Almanara executed a promissory note (the "Note") in the original principal sum of $5,625,000. The Note was secured through a deed of trust (the "Deed of Trust") by the Blanco Pointe Shopping Center, located in Bexar County, Texas. Plaintiff asserts that Defendant guaranteed repayment of the loan by executing a guaranty agreement (the "Guaranty"). Plaintiff further asserts that it now owns and holds the Note, Deed of Trust, and Guaranty. Attached to

the complaint are copies of the Note and Guaranty.  Plaintiff also refers the Court to the location in the Official Public Records of Bexar County, Texas, where the Deed of Trust is recorded.

On September 30, 2013 Defendant moved to dismiss the case for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to join a necessary party. Docket No. 5.  Plaintiff responded, but Defendant did not reply. Docket No. 6.

## II. Motion to Dismiss for Lack of Subject-Matter Jurisdiction

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998).  Motions filed under Federal Rule of Civil Procedure 12(b)(1) allow a party to challenge the subject-matter jurisdiction of the district court to hear a case.  "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).  The burden of proof for a Rule 12(b)(1) motion is on the party asserting jurisdiction. *Id.*  "Ultimately, a motion to dismiss for lack of subject-matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Id.*

Plaintiff asserts subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a). Compl. ¶ 3. Through § 1332(a)(1), Congress empowered federal courts to adjudicate civil controversies between citizens of different states, where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306 (2006).  Here, the parties agree that

the amount in controversy is greater than $75,000 and that Defendant is a citizen of California. The parties dispute whether Plaintiff is also a citizen of California.

Plaintiff is a limited liability company.  As a limited liability company, its citizenship is determined by the citizenship of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008).  Plaintiff's sole member is U.S. Bank National Association, as Trustee for the Registered Holders of Wachovia Bank Commercial Mortgage Trust, Commercial Mortgage Pass-Through Certificates, Series 2007-C33 ("U.S. Bank").  Thus, Plaintiff's citizenship is determined by the citizenship of U.S. Bank.[1]

U.S. Bank is a national banking association.  "All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." 28 U.S.C. § 1348.  Though the term "located" has varied meanings depending on the context, for the purpose of determining the citizenship of a national bank, the Supreme Court has concluded that the term "located" refers only to "the State designated in [the national bank's] articles of association as its main office." *Wachovia Bank v. Schmidt*, 546 U.S. 303, 318 (2006).  Here, U.S. Bank's main office, as designated in its articles of association, is in Cincinnati, Ohio. Resp., at App. 94.  Thus, U.S. Bank is a citizen of Ohio for diversity purposes.  Plaintiff, as a limited liability company with U.S. Bank as its sole member, is likewise a citizen of Ohio. *See Harvey*, 542 F.3d at 1080.

Since Plaintiff is a citizen of Ohio, since Defendant is admittedly a citizen of California, and since the amount in controversy is undisputedly over $75,000, the Court has subject-matter jurisdiction to consider this case.

---

[1] Even though U.S. Bank is serving as a trustee, its citizenship controls. *See Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 465–46 (1980) (stating that the citizenship of a trust is determined by the citizenship of its trustee).

### III. Motion to Dismiss for Lack of Personal Jurisdiction

District courts may exert personal jurisdiction over a defendant "if the defendant has 'certain minimum contacts with [the State] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S.Ct. 2846, 2853 (2011) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). The Supreme Court has determined that, "[t]here are two types of 'minimum contacts': those that give rise to specific personal jurisdiction and those that give rise to general personal jurisdiction." *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001); *see Goodyear*, 131 S.Ct. at 2853–54. Here, Plaintiff asserts only that the Court has specific personal jurisdiction over Defendant.

The Fifth Circuit had articulated a three-step analysis for determining whether a court has specific jurisdiction over a defendant: "(1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable." *McFadin v. Gerber*, 587 F.3d 753, 759 (5th Cir. 2009). "The 'minimum contacts' inquiry is fact intensive and no one element is decisive; rather the touchstone is whether the defendant's conduct shows that it reasonably anticipates being haled into court." *Id*. The "fair and reasonable" inquiry is determined by examining five factors: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of

the several states in furthering fundamental social policies." *Id.* at 760.  Defendant bears the burden of proving that the exercise of personal jurisdiction is unfair or unreasonable. *Id.* at 759. "[I]t is rare to say the assertion of jurisdiction is unfair after minimum contacts have been shown." *Id.* at 759–60.

Here, Defendant asserts that the Court does not have specific personal jurisdiction over him because neither he nor the original lender, Artesia, reside in Texas.  Additionally, Defendant asserts that he signed the Guaranty in his capacity as president of Almanara, and that the Court does not have personal jurisdiction over him in his individual capacity.  Finally, Defendant asserts that the distance and expense of his litigating in Texas make the Court's exercise of personal jurisdiction over him unfair and unreasonable.

Applying the Fifth Circuit's three-step analysis, the Court finds, first, that Defendant has sufficient minimum contacts with the State of Texas.  Defendant admittedly signed the Guaranty. The Guaranty guarantees repayment of a loan secured by the Property.  The Property is located in Bexar County, Texas.  The Guaranty states:

> 19. **Jurisdiction and Venue**.  Guarantor [Fahed Salfiti], in order to induce Lender to accept this Guaranty, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with this Guaranty shall be litigated, ***at Lender's sole election***, only in courts having a situs ***within the county and State*** where the Property is located, in any jurisdiction in which Borrower or Guarantor (or any individual or entity comprising Borrower or Guarantor) may reside or hold assets, or in any one or more of the foregoing jurisdictions. Guarantor hereby consents and submits to the jurisdiction of any local, state or federal court located therein. Guarantor hereby waives any right it may have to transfer or change the venue of any litigation brought against it by Lender on this Guaranty in accordance with this paragraph.

Guaranty ¶ 19 (emphasis added).  Furthermore, the Guaranty provides an applicable law section, stating, "[t]he Guaranty shall be governed by and construed and enforced in accordance with the

laws of the State where the Property is located. *Id.* ¶ 20.  Additionally, the Guaranty references various Texas statutes and court rules in a section titled, "State Specific Provisions." *Id.* ¶ 30. Finally, the Guaranty states that Defendant's execution of the Guaranty was specific inducement for Artesia to loan money to the principal debtor, Almanara, a Texas corporation. *Id.* ¶ 1.

Considering these provisions of the Guaranty, Defendant should have reasonably anticipated being haled into a Texas court.  The Guaranty contains the forum-selection clause quoted above.  Through this clause, Defendant agreed to be sued in the Western District of Texas, where the Property is located.  A forum-selection clause is *prima facie* valid and enforceable unless the opposing party shows that enforcement would be unreasonable due to fraud, overreaching, violation of public policy, or that enforcement effectively deprives a party of his day in court. *M/S BREMEN v. Zapata Off–Shore Co.,* 407 U.S. 1, 12–13 (1972); *Mitsui & Co. (USA), Inc. v. Mira M/V*, 111 F.3d 33, 35 (5th Cir. 1997).

Defendant has not asserted that the forum-selection clause is unreasonable due to fraud, overreaching, violation of public policy, or that enforcement effectively deprives Defendant of his day in court.  Thus, the forum-selection clause is *prima facie* valid, and establishes Defendant's minimum contacts with the forum State. *See Burger King*, 471 U.S. at 473 n.14; *Kevlin Services, Inc. v. Lexington State Bank*, 46 F.3d 13, 15 (5th Cir. 1995) (holding that a district court had personal jurisdiction over a defendant pursuant to a valid forum-selection clause).  Moreover, the Guaranty contained a choice-of-Texas-law provision and references to specific Texas statutes and rules of court.  The Guaranty also guaranteed a loan for a Texas corporation.  Together, these facts should have put Defendant on notice that he could be sued in Texas. *See Goodman Co., L.P. v. A & H Supply, Inc.*, 396 F. Supp. 2d 766, 774 (S.D. Tex. 2005)

(finding specific personal jurisdiction over a non-resident guarantor, who signed a guaranty agreement purporting to be a Texas contract, providing that Texas law governed, and guaranteeing the payment obligations of a Texas company).

Despite signing his name to the Guaranty without qualifying his capacity, Defendant asserts that he signed only as president of Almanara, and not in his individual capacity. Defendant argues that regardless of the terms of the Guaranty, this Court does not have personal jurisdiction over him. Defendant's assertion that he signed as president of Almanara is not supported by the Guaranty, which nowhere states or otherwise evidences that Defendant signed in any capacity other than his individual capacity. More importantly, Texas courts have rejected the argument that a guarantor can avoid liability by signing as a corporate officer of the primary debtor. *See Playboy Enterprises, Inc. v. Sanchez-Campuzano*, 519 F. App'x. 219, 226 (5th Cir. 2013) *cert. denied,* 134 S. Ct. 258 (U.S. 2013) (citing, among other cases, *Eubank v. First Nat. Bank of Bellville*, 814 S.W.2d 130, 133 (Tex. App.—Corpus Christi 1991, no writ)). Thus, the Court rejects Defendant's argument that he signed only as President of Almanara, and finds that Defendant has sufficient minimum contacts with the state of Texas such that personal jurisdiction exists.

Next—to the extent that personal jurisdiction is not established simply by finding the forum-selection clause enforceable—the Court notes that Plaintiff's cause of action arises out of or results from Defendant's forum-related contacts, and that the exercise of personal jurisdiction is fair and reasonable. *See McFadin*, 587 F.3d at 759 (5th Cir. 2009).[2]  Plaintiff sues on the

---

[2] District courts in the Fifth Circuit are split over whether a defendant waives its right to contest personal jurisdiction when it signs a forum-selection clause. *Compare Republic Bus. Credit, LLC v. Greystone & Co., Inc.*, CIV.A. 13-5535, 2014 WL 122102, at *7 (E.D. La. Jan. 10, 2014) ("In general, the Fifth Circuit does not treat the existence of a forum selection clause as an issue bearing on personal jurisdiction") (citing *Haynsworth v. The Corp.,* 121 F.3d 956, 961 (5th Cir.1997)), *with New S. Equip. Mats, LLC v. Keener*, 3:13-CV-162-TSL-JMR, 2013 WL 5946371, at *3 (S.D. Miss. Nov. 5, 2013), *and Sunday Riley Modern Skin Care, L.L.C. v. Maesa,* Civ. A. H–12–1650, 2013 WL

Guaranty, which guaranteed a loan secured by a property in Texas. Thus, Plaintiff's action arises out of Defendant's forum-related contacts. Additionally, though Plaintiff may incur greater costs litigating in Texas rather than California, this factor alone is insufficient to establish that the exercise of personal jurisdiction is unfair or unreasonable. *See id.* at 760 (explaining that a court must also consider the forum state's interests, the plaintiff's interest in securing relief, the interest of the interstate judicial system in the efficient administration of justice, and the shared interest of the several states in furthering fundamental social policies).

In conclusion, the Court finds the Guaranty's forum-selection clause binding on Defendant. Further, the Court finds (1) Defendant has sufficient minimum contacts with the State of Texas, (2) Plaintiff's cause of action arises out of Defendant's forum-related contacts, and (3) the exercise of personal jurisdiction over Defendant is fair and reasonable. Therefore, the Court rejects Defendant's argument that the Court lacks personal jurisdiction over Defendant.

### IV. Motion to Dismiss for Improper Venue

The Supreme Court recently stated:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

*Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S. Ct. 568, 583 (2013). Here, through the Guaranty's forum-selection clause, Defendant agreed to venue in the Western District of Texas. Defendant has not shown any unusual factors which would make the decision

---

5231860, at *7 (S.D. Tex. Sept. 12, 2013) ("A party who signs a contract with a forum selection clause has either consented to personal jurisdiction or waived the requirements for personal jurisdiction in a selected forum where the clause was obtained through freely negotiated agreements and is not unreasonable or unjust.") (citing *Burger King*, 471 U.S. at 473, 472 n. 14).

to hold Defendant to his bargain unjust. Therefore, the Court rejects Defendant's challenge to proper venue within this Court.

### V. Motion to Dismiss for Failure to Join a Necessary Party

Rule 19(a) requires joinder of a person subject to process whose joinder will not deprive the court of subject-matter jurisdiction if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1).

Defendant asserts that the primary debtor, Almanara, is a required party to this litigation. Defendant alleges that Almanara agreed to indemnify Defendant if Defendant pays on the Note. Defendant further asserts that Almanara cannot be joined at this time because of the automatic stay imposed by Almanara's pending Chapter 11 bankruptcy. Assuming *arguendo* these assertions are true, the Court rejects Defendant's contention that Almanara is a necessary party.[3]

First, the Court can accord complete relief to Plaintiff without Almanara as a party. *See* FED. R. CIV. P. 19(a)(1)(A). The Guaranty allows Plaintiff to seek complete satisfaction of the Note from Defendant. Guaranty ¶ 8 ("Guarantor agrees that Lender may enforce the Guaranty without the necessity of . . . proceeding against Borrower."); *id.* ¶ 6 (stating that the Guaranty is unconditional); *see United States v. Little Joe Trawlers, Inc.*, 776 F.2d 1249, 1252 (5th Cir. 1985) ([In Texas, g]enerally, an unconditional guarantor is liable for payment even though the

---

[3] Plaintiff disputes the existence of an indemnity agreement. Moreover, Defendant has provided no evidence of the alleged indemnity agreement. *See HS Res., Inc. v. Wingate*, 327 F.3d 432, 439 n.11 (5th Cir. 2003) (placing the burden of proving that a required person must be joined on the party moving to dismiss for failure to join the required person).

9

holder of the note cannot enforce the claim against the principal obligor (the maker), *unless* the claim against the principal obligor is void for illegality.") (emphasis in the original).

Second, Almanara does not claim a cognizable legal interest relating to the subject of the action. *See* FED. R. CIV. P. 19(a)(1)(B). Federal Rule of Civil Procedure 19 does not require joinder of persons against whom a party has a claim for contribution. *Nottingham v. Gen. Am. Commc'ns Corp.*, 811 F.2d 873, 880 (5th Cir. 1987); *see Broad. Music, Inc. v. Armstrong*, EP-13-CV-0032-KC, 2013 WL 3874082, at *6 (W.D. Tex. July 24, 2013); *Bates v. Laminack*, 938 F. Supp. 2d 649, 660 (S.D. Tex. 2013) ("The fact that the existing Defendants may have some right of reimbursement, contribution, or indemnity against a non-party does not make the non-party indispensable.").

Since Defendant has not shown that the Court cannot accord complete relief between Plaintiff and Defendant, or that Almanara claims an interest relating to the subject of the action, Defendant's motion to dismiss for failure to join Almanara, as a required party, is denied.

## VI. Conclusion

For the foregoing reasons, the Court DENIES Defendant's motion to dismiss for lack of subject-matter jurisdiction, lack of personal jurisdiction, improper venue, and failure to join a necessary party (docket no. 5).

It is so ORDERED.

SIGNED this 29th day of January, 2014.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE